Charles H. Chevalier
Christine A. Gaddis
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102
(973) 596-4611

OF COUNSEL:
Dennies Varughese, Pharm. D.
Paul A. Ainsworth
Adam C. LaRock
Josephine Kim
Lauren Watt
Christopher M. Gallo, Ph.D.
Joseph H. Kim
**STERNE, KESSLER, GOLDSTEIN &
   FOX P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600

*Attorneys for Plaintiffs*
*Catalyst Pharmaceuticals, Inc. and SERB SA*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CATALYST PHARMACEUTICALS, INC. and SERB SA,<br><br>*Plaintiffs*,<br><br>v.<br><br>ANNORA PHARMA PRIVATE LIMITED, GRACE CONSULTING SERVICES, INC., HETERO LABS LIMITED, and HETERO USA, INC.,<br><br>*Defendants*. | C.A. No. 2:23-cv-01194-MEF-JRA |

**DECLARATION OF CHARLES H. CHEVALIER IN SUPPORT MOTION TO SEAL**

I, **CHARLES H. CHEVALIER,** of full age, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey, where I am a member in good standing of the bar. I am a Director of the firm of Gibbons P.C., co-counsel for Plaintiffs Catalyst Pharmaceuticals, Inc. and SERB SA (collectively, "Plaintiffs").

2. I make this Declaration based upon my knowledge in support of the Motion to Seal portions of the Transcript of the Markman Hearing held before Judge Michael E. Farbiarz on October 9, 2025 (ECF No. 204).

3. The sealed portions of the transcript reference documents and/or associated information that Plaintiffs produced pursuant to the Discovery Confidentiality Orders executed by the parties and entered into Civil Action No. 2:23-cv-1194-MEF-JRA (ECF No. 42) by the Honorable José R. Almonte, U.S.M.J. on May 23, 2023. Moreover, the sealed portions of the transcript reference information that is highly sensitive and not appropriate for public disclosure. Specifically, the sealed portions relate to internal documents and non-public proprietary information which were produced with a "Highly Confidential" designation that include competitively sensitive information about Plaintiffs' Firdapse product.

4. Under the terms of the Discovery Confidentiality Order, materials designated "Highly Confidential Information" include "any trade secrets or other research, development, commercial, personnel, information that is non-public and confidential or proprietary, the value of which arises from its secrecy," and can include documents containing business strategy or "any other information a Producing Party or Designating Party believes in good faith could cause irreparable harm to its business if disclosed to personnel for the Receiving Party." ECF No. 42 at 3-4.

5. This patent action involves highly confidential information that the parties have a legitimate interest in protecting because their competitors in the marketplace could utilize the information to gain an unfair competitive advantage to the detriment of the parties.

6. The relevant interests of the parties include that alleged valuable information would be lost where business competitors would gain an unfair advantage over the parties if these competitors were to gain access to the sealed portions of the transcript and the commercially sensitive, proprietary and/or trade secret information contained therein.

7. The interests of the public that are believed to warrant granting the Motion to Seal include the interest of not burdening litigants' access to the Court by requiring public disclosure of valuable, highly confidential information as a condition of litigating their rights.

8. It is believed that the clearly defined and serious injury that would result should the Motion to Seal not be granted is that alleged valuable information created at substantial expense would be lost. It is believed that confidential business information and strategies would be revealed to the parties' competitors and these competitors would unjustly gain the ability to thwart, anticipate or usurp those plans and strategies to the competitors' advantage and to the parties' detriment.

9. To the extent the transcript subject to this Motion to Seal contains both highly confidential and non-confidential information, a version of the transcript with only the highly confidential portions redacted as reflected in the Index submitted herewith has been submitted to the Court pursuant to Local Civil Rule 5.3(g)(2). No less restrictive alternative is available or practicable.

10. The following Orders previously sealing the same confidential information have been entered in this action: ECF Nos. 91 and 122.

11. There are no parties or non-parties known to be objecting to the sealing of the Materials.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

| | |
|---|---|
| Dated: November 13, 2025<br>Newark, New Jersey | s/ Charles H. Chevalier<br>Charles H. Chevalier<br>**GIBBONS P.C.**<br>One Gateway Center<br>Newark, NJ 07102<br>(973) 596-4611<br>cchevalier@gibbonslaw.com<br><br>*Attorneys for Plaintiffs*<br>*Catalyst Pharmaceuticals, Inc. and*<br>*SERB SA* |