**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CATALYST PHARMACEUTICALS, INC. and SERB SA,<br><br>*Plaintiffs*,<br><br>v.<br><br>ANNORA PHARMA PRIVATE LIMITED, GRACE CONSULTING SERVICES, INC., HETERO LABS LIMITED, and HETERO USA, INC.,<br><br>*Defendants*. | C.A. No. 2:23-cv-01194-MEF-JRA |

**ORDER GRANTING MOTION TO SEAL**

This matter having been brought before the Court on Plaintiffs Catalyst Pharmaceuticals, Inc.'s and SERB SA's (collectively "Plaintiffs") Motion to Seal, and pursuant to Local Rules 5.3(c) and 7.1, and this Court having fully considered the Declaration of Charles H. Chevalier in support of the Motion to Seal, any submissions in further support thereof, and any opposition thereto, the Index submitted therewith, as well as the record before it, the Court makes the following findings:

**IT IS** this __14th__ day of __November__, 2025;

**THIS COURT FINDS** that on May 23, 2023, a Discovery Confidentiality Order was entered in C.A. No. 23-1194 (ECF No. 42);

**THIS COURT FURTHER FINDS** that the following materials contain information regarding and garnered from documents and/or materials that have been designated as "Confidential" or "Highly Confidential Information," and would be considered to fall under such designation by Plaintiffs in this case pursuant to the Discovery Confidentiality Order entered in

this action (ECF No. 42), or contain information that is such a highly sensitive nature that it is not appropriate for public disclosure. Sealing is sought of the following materials:

- **Portions of the October 9, 2025 *Markman* Hearing transcript (ECF No. 204) (the "Materials")**

**THE COURT FURTHER FINDS** that this is a patent action that involves confidential information and, specifically the Materials contain highly confidential information regarding business strategies, trade secrets or other confidential research, development, formulation, manufacturing, regulatory, financial, marketing, commercial or competitive information or analysis of the producing party, or of a third party, if such material is or was within the possession, custody, or control of the producing party, that such producing party has a legitimate interest in protecting as confidential and that competitors in the marketplace could utilize to gain an unfair competitive advantage to its detriment.

**THE COURT FURTHER FINDS** that the interests of the public that warrant granting an Order to Seal the Materials include the interest of not burdening litigants' access to the Court by requiring public disclosure of valuable highly confidential information as a condition of litigating their rights.

**THE COURT FURTHER FINDS** that the clearly defined and serious injury that would result should the Order to Seal the Materials not be granted is that valuable business and trade secrets created at substantial expense by the Plaintiffs will be lost and competitors would unjustly gain access to them. Specifically, the Plaintiffs' highly confidential information would be revealed to their competitors and these competitors would unjustly gain the ability to thwart, anticipate or usurp those plans and strategies to the competitors' advantage and the Plaintiffs' loss.

**THE COURT FURTHER FINDS** that besides the redacted versions of the Materials submitted to the Court pursuant to Local Civil Rule 5.3(g)(2), no less restrictive alternative is available to prevent the defined and serious injury to the Plaintiffs.

**THE COURT FURTHER FINDS** that Plaintiffs have complied with the dictates set forth in Local Civil Rule 5.3(c) and in case law related thereto.

**THEREFORE,** for good cause shown and in order to preserve the confidentiality of the aforementioned information;

**IT IS ORDERED** that the following shall be sealed:

- **Portions the October 9, 2025 *Markman* Hearing transcript (ECF No. 204)**

                                   **SO ORDERED:**

_____
The Honorable Jose R. Almonte
United States Magistrate Judge